UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 20 2010 ★
BROOKLYN OFFICE

_____

SECURITIES AND EXCHANGE COMMISSION,    :

        Plaintiff,    :

        v.    :    Civ. Action No. 1742

GRYPHON HOLDINGS, INC. d/b/a GRYPHON    :
FINANCIAL and GRYPHON DAILY,
KENNETH E. MARSH A/K/A "KENNETH    :
MASEKA," "MICHAEL WARREN" and
"MARCUS THORN," BALDWIN ANDERSON    :
A/K/A "BOLTON ANDERSON," ROBERT    :
ANTHONY BUDION A/K/A "BOBBY BUDION"
AND "ROBERT ANTHONY,", JEANNE M. LADA    :
A/K/A "JEANNE GRECCO," and JAMES T.    :
LEVIER,
            :

        Defendants,    :

and    :

RICHARD BORRELLO, NICOLE MARSH,    :
GINNA MUNGIOVI, MICHAEL SCARPACI,
DOMINIC SPINELLI, and PAUL STOKES,    :

        Relief Defendants.    :
_____

WEINSTEIN, J.

J. ORENSTEIN, M.J.

## ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, ORDER FREEZING ASSETS, ORDER FOR ACCOUNTINGS, AND GRANTING OTHER RELIEF

On the application ("Application") of Plaintiff Securities and Exchange Commission (the

"Commission") for an Order:

(1)    directing Defendants Gryphon Holdings, Inc. d/b/a Gryphon Financial and Gryphon Daily,

        Kenneth E. Marsh a/k/a "Kenneth Maseka," "Michael Warren" and "Marcus Thorn,"

        Baldwin Anderson a/k/a "Bolton Anderson," Robert Anthony Budion a/k/a "Bobby



Budion" and "Robert Anthony," Jeanne M. Lada a/k/a "Jeanne Grecco," and James T.

Levier (collectively, "Defendants") and Relief Defendants Richard Borrello, Nicole Marsh,

Ginna Mungiovi, Michael Scarpaci, Dominic Spinelli, and Paul Stokes (collectively,

"Relief Defendants") to show cause why an order should not be entered, pending a final

disposition of this action:

(a)     preliminarily enjoining the Defendants from violating Sections 206(1) and 206(2)

        of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1)

        and 80b-6(2), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange

        Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

        preliminarily enjoining Defendants Lada, Anderson, Budion and Levier from aiding

        and abetting any person's violations of Sections 206(1) and 206(2) of the Advisers

        Act; and preliminarily enjoining Defendant Kenneth Marsh from controlling any

        person who violates Section 10(b) of the Exchange Act and Rule 10b-5

        thereunder;

(b)     freezing the Defendants' assets

(c)     freezing the Relief Defendants' assets up to the amount, for each Relief Defendant,

        of the potential ill-gotten gains that the Relief Defendant received;

(d)     prohibiting the destruction, alteration, or concealment of documents; and

2

(e)    prohibiting the Defendants and Relief Defendants from filing a bankruptcy proceeding on behalf of any Defendant or Relief Defendant without at least three days notice to the Commission and approval of the Court; and

(2)    pending adjudication of the relief described in paragraph (1) above, an order:

(a)    temporarily restraining the Defendants from violating Sections 206(1) and 206(2) of the Advisers Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder; temporarily restraining Defendants Lada, Anderson, Budion and Levier from aiding and abetting any person's violations of Sections 206(1) and 206(2) of the Advisers Act; and temporarily restraining Defendant Kenneth Marsh from controlling any person who violates Section 10(b) of the Exchange Act and Rule 10b-5 thereunder;

(b)    temporarily freezing the Defendants' assets;

(c)    temporarily freezing the Relief Defendants' assets up to the amount, for each Relief Defendant, of the potential ill-gotten gains that the Relief Defendant received;

(d)    temporarily prohibiting the destruction, alteration, or concealment of documents; and

(e)    temporarily prohibiting the Defendants and Relief Defendants from filing a bankruptcy proceeding on behalf of any Defendant or Relief Defendant without at least three days notice to the Commission and approval of the Court; and

(3)     directing each of the Defendants and Relief Defendants to provide an accounting; and

(4)     providing that the Commission may take expedited discovery in preparation for a hearing on such order to show cause.

The Court has considered (1) the Commission's Complaint, (2) the Memorandum of Law in Support of Plaintiff's Application, (3) the Declarations of Bohdan S. Ozaruk, Esq., Edward J. Janowsky, and Terrence P. Bohan, all of whom are members of the Commission's staff, and all exhibits attached thereto, (4) the Declarations of Robert Doig, Richard Hansel, and William McKee, all of whom are current or former clients of Defendant Gryphon, and all exhibits attached thereto, and (5) the Declaration pursuant to Local Rule 6.1(d) of Joseph Boryshansky, Esq. in Support of Plaintiff's Application.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 209(d) of the Advisers Act and Section 21(d) of the Exchange Act, has been made for the relief granted herein, for the following reasons:

1.     It appears from the evidence presented that the Defendants have violated, and unless temporarily restrained will continue to violate, Sections 206(1) and 206(2) of the Advisers Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, that Defendants Lada, Anderson, Budion and Levier have aided and abetted, and unless temporarily restrained will continue to aid and abet, violations of Sections 206(1) and 206(2) of the Advisers Act, and that Defendant Kenneth Marsh has controlled a person who has violated, and unless temporarily restrained will continue to violate, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, as charged in the Plaintiff's Complaint.

4

2.      It appears that the Defendants have engaged in the above *alleged* violations in connection with the purchase and sale of securities and/or the provision of investment advice.

3.      It appears that an order freezing the Defendants' assets is necessary to preserve the status quo and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud, and civil penalties.

4.      It appears that an order freezing the Relief Defendants' assets up to the amount, for each Relief Defendant, of the potential ill-gotten gains that the Relief Defendant received is necessary to preserve the status quo and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud, and civil penalties.

5.      It appears that an order requiring each of the Defendants and Relief Defendants, and their affiliated entities, to provide a verified accounting is necessary to effectuate and ensure compliance with the freeze imposed on these assets and to allow the Commission to evaluate whether applications to freeze further assets, or to extend the freeze of the Relief Defendants' assets, are necessary.

6.      It appears that the Defendants and the Relief Defendant may attempt to destroy, alter or conceal documents.

7.      Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

8.      This Court has jurisdiction over the subject matter of this action and over the Defendants and the Relief Defendant, and venue properly lies in this district.

5

**NOW, THEREFORE,**

## I.

      **IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this Court at _____2_____ _p_.m. on the 23ʳᵈ day of _April_ 2010, in Room _10 B_ of the United States Courthouse for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 209 of the Advisers Act, and Section 21 of the Exchange Act, preliminarily enjoining the Defendants from violating Sections 206(1) and 206(2) of the Advisers Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, preliminarily enjoining Defendants Lada, Anderson, Budion and Levier from aiding and abetting any person's violation of Sections 206(1) and 206(2) of the Advisers Act, and preliminarily enjoining Defendant Kenneth Marsh from controlling any person who violates Section 10(b) of the Exchange Act and Rule 10b-5.

## II.

      **IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, the Defendants, and each of the Defendants' financial and brokerage institutions, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with the Defendants who receive actual notice of such Order by personal service, facsimile service, or otherwise, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of the

6

Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, including, but not limited to, all assets, funds or other properties held in the following accounts:

| Account Number | Institution | Account Name |
|---|---|---|
| 2000025751552 | Wachovia (Wells Fargo) | Gryphon Holdings |
| 86784634 | Penson Financial Services, Inc. | Gryphon Holdings |
| 1501101 | Lord Abbett & Co., LLC | Gryphon Holdings, Inc. 401K Plan |
| XL01090T1 | UBS Financial Services, Inc. | Gryphon Holding, Inc. 401K Plan |
| XL49301T1 | UBS Financial Services, Inc. | Kenneth E. Marsh & Nicole F. Marsh |
| 51380007701 | Wachovia (Wells Fargo) | Kenneth Marsh and/or Nicole Marsh |
| 9948580864 | Citibank, N.A. | Pembroke Hall LLC (Controlled by Baldwin Anderson) |
| 989907589 | HSBC Bank USA, N.A. | RB Platinum, Inc. (Controlled by Robert Anthony Budion |
| 7927830823 | TD Bank, N.A. | JMLS Secret, Inc. (Controlled by Jeanne M. Lada) |
| 2901032249 | Sovereign Bank | RMJ Marketing LLC (Controlled by James T. Levier) |

## III.

**IT IS FURTHER ORDERED** that the Relief Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action,

7

the Relief Defendants, and each of the Relief Defendants' financial and brokerage institutions, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with the Relief Defendants who receive actual notice of such Order by personal service, facsimile service, or otherwise, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of the Relief Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, up to the amount, for each Relief Defendant, of potential ill-gotten gains that the Relief Defendant received from the Defendants, as follows:

| Relief Defendant | Associated Entity | Amount of Potential ill-gotten gains |
|---|---|---|
| Richard Borrello and/or Ginna Mungiovi | R and G Dreamworks Enterprise, Inc. | $898,157.78 |
| Michael Scarpaci | MGS Sr., Inc. | $561,883.53 |
| Dominic Spinelli | ARC & T Inc. | $872,621.98 |
| Paul Stokes | P Botz Inc. | $513,625.32 |
| Nicole Marsh | | $600,375.68 |

including, but not limited to, assets, funds or other properties, up to such amount of potential ill-gotten gains, held in the following accounts:

| Account Number | Institution | Account Name |
|---|---|---|
| 9951650608 | Citibank, N.A. | R and G Dreamworks Enterprises Inc. (Controlled by Richard Borrello and Ginna Mungiovi) |

8

| | | |
|---|---|---|
| 9957356338 | Citibank, N.A. | R and G Dreamworks Enterprises Inc. (Controlled by Richard Borrello and Ginna Mungiovi) |
| XL01076T1 | UBS Financial Services, Inc. | Nicole F. Marsh FBO Damian L. Marsh 529 College Savings Plan |
| 665755147 | HSBC Bank USA, N.A. | MGS Sr., Inc. (Controlled by Michael Scarpaci) |
| 749858502 | JP Morgan Chase | ARC & T, Inc. (Controlled by Dominic Spinelli) |
| 7928461727 | TD Bank, N.A. | P Botz, Inc. (Controlled by Paul Stokes) |

## IV.

**IT IS FURTHER ORDERED** that the Defendants and the Relief Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any persons or entity acting at their direction or on their behalf, from destroying, altering, concealing or otherwise interfering with the access of the plaintiff Commission to any and all documents, books, and records, that are in the possession, custody or control of Defendants or the Relief Defendants and their agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to Defendants' or the Relief Defendant's finances, or the offer, purchase or sale of securities and/or the provision of investment advice and the use of proceeds therefrom.

9

## V.

**IT IS FURTHER ORDERED** that the Defendants and the Relief Defendants show cause at that time why this Court should not also enter an Order enjoining the Defendants and Relief Defendants, and each of their creditors, principals, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, from filing a voluntary or involuntary petition in bankruptcy on behalf of or against the Defendants or Relief Defendants, without first seeking leave from this Court, with at least three (3) days notice to the Commission, which leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action.

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and each of their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, while acting as an investment adviser or associated person of an investment adviser, by use of any means or instrument of transportation or communication in, or any instrumentality of, interstate commerce, or of the mails:

(a) employing any device, scheme or artifice to defraud any advisory client or prospective client; or

(b) engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any advisory client or prospective client,

in violation of Sections 206(1) and 206(2) of the Advisers Act.

10

**VII.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Defendants Lada, Anderson, Budion and Levier, and each of their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from aiding and abetting any person who, directly or indirectly, singly or in concert, while acting as an investment adviser or associated person of an investment adviser, by use of any means or instrument of transportation or communication in, or any instrumentality of, interstate commerce, or of the mails:

    (c)     employs any device, scheme or artifice to defraud any advisory client or prospective client; or

    (d)     engages in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any advisory client or prospective client,

in violation of Sections 206(1) and 206(2) of the Advisers Act.

**VIII.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and each of their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)     employing any device, scheme, or artifice to defraud;

11

(b)     making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Defendant Kenneth Marsh, and each of his agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, or otherwise, is temporarily restrained from controlling, directly or indirectly, any person who, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a)     employs any device, scheme, or artifice to defraud;

(b)     makes any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     engages in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

**X.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for a Preliminary Injunction, the Defendants, and each of the

Defendants' financial and brokerage institutions, agents, servants, employees, attorneys-in-fact,

and those persons in active concert or participation with the Defendants who receive actual notice

of such Order by personal service, facsimile service, or otherwise, shall hold and retain within

their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment,

dissipation, concealment or other disposal of any assets, funds, or other property (including

money, real or personal property, securities, commodities, choses in action or other property of

any kind whatsoever) of, held by, or under the control of the Defendants, whether held in their

names or for their direct or indirect beneficial interest wherever situated, including, but not limited

to, all assets, funds or other properties held in the following accounts:

| Account Number | Institution | Account Name |
|---|---|---|
| 2000025751552 | Wachovia (Wells Fargo) | Gryphon Holdings |
| 86784634 | Penson Financial Services, Inc. | Gryphon Holdings |
| 1501101 | Lord Abbett & Co., LLC | Gryphon Holdings, Inc. 401K Plan |
| XL01090T1 | UBS Financial Services, Inc. | Gryphon Holding, Inc. 401K Plan |
| XL49301T1 | UBS Financial Services, Inc. | Kenneth E. Marsh & Nicole F. Marsh |
| 51380007701 | Wachovia (Wells Fargo) | Kenneth Marsh and/or Nicole Marsh |
| 9948580864 | Citibank, N.A. | Pembroke Hall LLC (Controlled by Baldwin Anderson) |

| 989907589 | HSBC Bank USA, N.A. | RB Platinum, Inc. (Controlled by Robert Anthony Budion |
| 7927830823 | TD Bank, N.A. | JMLS Secret, Inc. (Controlled by Jeanne M. Lada) |
| 2901032249 | Sovereign Bank | RMJ Marketing LLC (Controlled by James T. Levier) |

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Relief Defendants, and each of the Relief Defendants' financial and brokerage institutions, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with the Relief Defendants who receive actual notice of such Order by personal service, facsimile service, or otherwise, shall hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of the Relief Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, up to the amount, for each Relief Defendant, of potential ill-gotten gains that the Relief Defendant received from the Defendants, as follows:

| **Relief Defendant** | **Associated Entity** | **Amount of Potential ill-gotten gains** |
|---|---|---|
| Richard Borrello and/or Ginna Mungiovi | R and G Dreamworks Enterprise, Inc. | $898,157.78 |
| Michael Scarpaci | MGS Sr., Inc. | $561,883.53 |

14

| Dominic Spinelli | ARC & T Inc. | $872,621.98 |
| Paul Stokes | P Botz Inc. | $513,625.32 |
| Nicole Marsh | | $600,375.68 |

including, but not limited to, assets, funds or other properties, up to such amount of potential ill-gotten gains, held in the following accounts:

| Account Number | Institution | Account Name |
| --- | --- | --- |
| 9951650608 | Citibank, N.A. | R and G Dreamworks Enterprises Inc. (Controlled by Richard Borrello and Ginna Mungiovi) |
| 9957356338 | Citibank, N.A. | R and G Dreamworks Enterprises Inc. (Controlled by Richard Borrello and Ginna Mungiovi) |
| XL01076T1 | UBS Financial Services, Inc. | Nicole F. Marsh FBO Damian L. Marsh 529 College Savings Plan |
| 665755147 | HSBC Bank USA, N.A. | MGS Sr., Inc. (Controlled by Michael Scarpaci) |
| 749858502 | JP Morgan Chase | ARC & T, Inc. (Controlled by Dominic Spinelli) |
| 7928461727 | TD Bank, N.A. | P Botz, Inc. (Controlled by Paul Stokes) |

## XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants and Relief Defendants,

15

and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books, and records that are in the possession, custody or control of any of the Defendants or the Relief Defendants, their agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the Defendants' or the Relief Defendant's finances or business operations and the use of proceeds therefrom.

## XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants and Relief Defendants, and each of their creditors, principals, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, be and hereby are, restrained and enjoined from filing a voluntary or involuntary petition in bankruptcy on behalf of or against the Defendants or Relief Defendants, without first seeking leave from this Court, with at least three (3) days notice to the Commission, which leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action.

**XIV.**

**IT IS FURTHER ORDERED** that no creditor or claimant against any of the Defendants or the Relief Defendant, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the Defendants' or the Relief Defendants' assets.

**XV.**

**IT IS FURTHER ORDERED** that each of the Defendants and Relief Defendants, and their affiliated entities, file with this Court, and serve upon the Commission, within five (5) business days, or within such extension of time as the Commission staff agrees to, a verified written accounting, signed by each such Defendant, Relief Defendant or affiliated entity, and under penalty of perjury, setting forth:

(1)     All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of each such Defendant, Relief Defendant, or affiliated entity, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2)     All money, property, assets and income received by each such Defendant, Relief Defendant, or affiliated entity, for his direct or indirect benefit, at any time from January 1, 2005 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3)     The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of each such Defendant, Relief Defendant or affiliated entity; and

17

(4)     All assets, funds, securities, and real or personal property received by each such Defendant, Relief Defendant, or affiliated entity, or any other person or entity controlled by them, from persons who provided money to the Defendants in connection with the offer, purchase or sale of securities or the offering of investment advice from January 1, 2005 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

(5)     All assets, liabilities and property currently held, directly or indirectly, by entities that are majority-owned by, controlled, or under the direction of each Defendant or Relief Defendant (including, without limitation, with respect to Defendant Anderson, Pembroke Hall, LLC; with respect to Defendant Budion, RB Platinum, Inc.; with respect to Defendant Lada, JMLS Secret, Inc.; with respect to Defendant Levier, RMJ Marketing, LLC; with respect to Relief Defendants Borrello and Mungiovi, R and G Dreamworks Enterprises, Inc.; with respect to Relief Defendant Spinelli, ARC&T, Inc.; with respect to Relief Defendant Scarpaci, MGS Sr., Inc.; and with respect to Relief Defendants Stokes, P Botz, Inc.) including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount.

Each Defendant and Relief Defendant shall serve such verified accounting by hand delivery, facsimile transmission or overnight courier service on the Commission's counsel, Joseph Boryshansky, Senior Trial Counsel, Securities and Exchange Commission, 3 World Financial Center, New York, NY, 10281-1022.

18

## XVI.

**IT IS FURTHER ORDERED** that discovery is expedited as follows.  Pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Rule 26(f), the parties may:

(1)     Take depositions within three (3) calendar days from service of notice or subpoena; and

(2)     Obtain the production of documents within three calendar (3) days from service of a request or subpoena, from any party and non-party witnesses and entities.

Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, or first-class mail on an individual, entity or the attorney for the individual or entity.

## XVII.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendants, or upon the Defendants' attorney(s), and upon the Relief Defendant, or upon the Relief Defendants' attorney(s), on or before _____5_____, _P_.m., _April 21_, 2010, by personal delivery, facsimile, overnight courier, or first-class mail.

## XVIII.

**IT IS FURTHER ORDERED** that the Defendants and the Relief Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than _12 Noon_, _April 23_, 2010.  Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional

Office of the Commission at 3 World Financial Center, New York, New York 10281, Attn:

Joseph Boryshansky, Esq., or such other place as counsel for the Commission may direct in

writing. The Commission shall have until _2_ _P_.m., _April 23_, 2010 to

serve, by the most expeditious means available, any reply papers upon the Defendants and the

Relief Defendant, or upon their counsel, if counsel shall have made an appearance in this action.

## XIX.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the

Defendants and the Relief Defendants and each of their agents, servants, employees, attorneys-in-

fact, and those persons in active concert or participation with them who receive actual notice of

this Order by personal service, facsimile service, or otherwise.

_____
UNITED STATES DISTRICT JUDGE

Issued at:  _12_ : _40_ _P_.m.
April _20_, 2010
Brooklyn, New York

20