| | |
|---|---|
| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

| | | | |
|---|---|---|---|
| BEFORE: | JAMES ORENSTEIN | DATE: | 6/11/10 |
| | U.S. MAGISTRATE JUDGE | TIME: | 10:00 a.m. |

*SEC v. Gryphon Holdings, Inc., et al.*, 10-CV-1742 (JBW) (JO)
*United States v. Kenneth Marsh, et al.*, 10-MJ-0441 (JBW) (RML)

TYPE OF CONFERENCE: Motion Hearing

APPEARANCES:
- SEC: Joseph Boryshansky, Alexander Janghorbani
- USAO: Michael Yaeger
- Gryphon, Marsh: Kenneth Falk, Fred Schwartz, and Kim Flotteron (counsel); Kenneth Marsh (client)
- CMS: Thomas Chase

SCHEDULING: There are no further conferences scheduled before me at this time.

THE FOLLOWING RULINGS WERE MADE:

1. After hearing oral argument, and for reasons set forth on the record, I resolved the government's motion for disqualification and related relief, docket entry ("DE") 76, as follows: (a) I granted the motion to disqualify attorney Flotteron in the criminal action; (b) the motion to disqualify Falk & Associates in the criminal action is moot; (c) I held a *Curcio* hearing and accepted defendant Marsh's knowing, intelligent, and voluntary waiver of the right to conflict-free counsel with respect to his decision not to assert a defense based on good-faith reliance on the advice of attorneys from Adorno & Yoss; and (d) the request for a *Curcio* hearing relating to the payment of counsel fees for codefendant Anderson is moot.

2. After presenting oral argument on the issue of a "carve-out" of funds from the order freezing the assets of defendants Gryphon and Marsh for the purpose of paying attorneys' fees and living expenses, and the parties having previously agreed that some such carve-out is warranted, *see* DE 74; DE 75, the parties agreed to submit by June 17, 2010, a revised stipulation reflecting the extent to which they agree on the amounts to be paid and the sources of funds from which such payments should be made. The parties further agreed that the first monthly payment of fees and living expenses will be made from funds currently being held in trust by the defendants' counsel, and that thereafter the remaining funds held in trust will be returned to the accounts from which they were withdrawn, to be held pursuant to the order freezing assets. To the extent there remain issues relating to the terms of the carve-out on which the parties cannot agree, they shall submit their competing proposals to me no later than June 17, 2010.

SO ORDERED

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge