

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
THREE WORLD FINANCIAL CENTER
SUITE 400
NEW YORK, NEW YORK 10281-1022

June 21, 2010

**Via ECF and Facsimile**

The Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>SEC v. Gryphon Holdings, Inc., et al., 10 Civ. 1742 (JBW) (JO)</u>

Dear Judge Orenstein:

    On behalf of Plaintiff Securities and Exchange Commission ("Commission"), we write to correct and respond to the letter of Defendant Kenneth Marsh, dated June 17, 2010.

    <u>First</u>, Marsh indicates in his letter that he intends to appeal Your Honor's decision to disqualify his criminal counsel, Kim Flotteron. He then goes on to state that "[a]s part of that appeal . . . the SEC has agreed to include the question of the right of the Falk Firm to remain in the civil case." This statement is incorrect. Since Falk & Associates has not been disqualified, there simply is no decision to appeal from regarding that firm — and the Commission has not "agreed" to include such issue in any appeal. Rather, as we previously advised Your Honor, the Commission intends to refrain from seeking to disqualify the Falk firm pending the outcome of Marsh's appeal. In the meantime, Marsh's counsel has agreed that no carved-out amounts for civil legal fees would be paid to the Falk firm or its attorneys.

    <u>Second</u>, the Commission opposes Marsh's revised application seeking $6,026.37 in monthly living expenses. This revised figure, which is only 10.5 percent (or $705.57) lower than Marsh's previous request, remains excessive. As an initial matter, Marsh seeks expenses that are not essential. For example, he seeks $289.47 per month for "Internet/Phone/TV" and a cellular phone, which is not a reasonable amount. <u>See</u> Transcript of June 11, 2010 Hearing before The Hon. James Orenstein ("Hearing Tr."), at 65 ("THE COURT: People who can afford it pay $300 a month for internet, phone, and TV. That's not a necessity"). Similarly, Marsh asks for $1,262.78 in car expenses and $1,152 for child-care, even though he is unemployed and therefore hardly needs either the full use of a car or full-time child care.

    More importantly, Marsh does not describe efforts he has made to alleviate the burden on victims' assets. For example, he provides no indication of attempts to find a job or obtain

The Hon. James Orenstein
June 21, 2010
Page 2 of 2

unemployment benefits.  Nor does he explain why his luxury Porsche vehicle (which he values at $70,000) should not be sold and replaced with a more modest car that would cost less to maintain.

     Finally, Marsh wants his living expenses to be paid from a "Think or Swim" account held in Gryphon Holdings' name.  This request, however, is at odds with the proposed stipulation Marsh entered into with the Commission, which the parties submitted to Your Honor on June 17, 2010.  That stipulation provides that — with the exception of 50 percent of the carve-out for civil legal fees (reflecting the fact that Gryphon is a defendant in the civil case) — all carved-out amounts for criminal fees and expenses and living costs will be made solely from Marsh's own assets.  The "Think or Swim" account, therefore, should not be used to fund Marsh's living expenses.

     The Commission has indicated, on multiple occasions, its willingness to consent to a reasonable carve-out for necessary living expenses, and has proposed $1,500 per month as an amount that would meet Marsh's urgent needs while incentivizing him to seek a job.  Although the Commission has agreed to consider truly necessary expenses even above this amount, Marsh continues to view his carve-out application as a "negotiating instrument."  See Hearing Tr. at 70.  Since Marsh's revised request fails to indicate why the expenses he seeks are essential (and several of them manifestly are not) — and since Marsh has not shown any efforts to try and preserve victims' assets — the Commission respectfully submits that the Court should only authorize a carve-out of $1,500 per month in living expenses.

                                                         Respectfully,

                                                          Joseph Boryshansky
                                                          Alexander Janghorbani

Cc:   All parties (via ECF)