**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

              - against -

GRYPHON HOLDINGS, INC., et al.,

                        Defendants.
----------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

10-CV-1742 (JBW) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

       In a letter dated March 9, 2011, Docket Entry ("DE") 222, defendant Baldwin Anderson

("Anderson") seeks the release of $2,957.21 from assets that were previously ordered frozen. *See*

DE 4. In doing so, he seeks access to funds in addition to the $20,000 released from the frozen

assets in monthly installments of $1,500 that the court previously authorized. *See* DE 119 (the

"Carve-Out Order"). Plaintiff, the Securities and Exchange Commission ("SEC"), opposes the

request. DE 223. By endorsed order dated March 15, 2011, the Honorable Jack B. Weinstein,

United States District Judge, requested my recommendation. I respectfully recommend that the

court deny the motion.

       The purpose of the Carve-Out Order was to balance two competing interests. The SEC has

an interest in preserving, to the extent possible, assets that might be needed to provide restitution

for victims of the fraudulent scheme in which Anderson is alleged to have participated.

Notwithstanding that interest, Anderson has a legitimate need to obtain access to sufficient funds

for the necessities of life. The latter need is sufficiently compelling to overcome the otherwise

appropriate constraint of the freeze order, notwithstanding the fact that litigation of the merits of

the SEC's claims may reveal that Anderson is, in essence, spending money that belongs to victims

whose needs are no less pressing than his own.

To maintain the proper balance of these competing interests, it is important to release from the frozen assets only the amount of money that Anderson truly needs. The instant motion does not appear to present such a need. Anderson writes that his daughter was accepted for admission to a university, and that "there are various fees associated with this process." DE 222 at 1. While I appreciate Anderson's desire as a parent to make sacrifices in the pursuit of his children's education, that is not a sufficient reason to release additional frozen funds. The request now before the court risks the possibility that victims of the scheme described in the Complaint will be forced to make further sacrifices on behalf of their victimizer's children. I conclude that such a result is not warranted on the basis of the record now before the court.

For the reasons set forth above, I respectfully recommend that the court deny defendant Anderson's request for the release of $2,957.21 in frozen assets. I direct the plaintiff to serve a copy of this order on defendant Anderson by certified mail, and to file proof of service no later than March 18, 2011. Any objections to this Report and Recommendation must be filed no later than April 1, 2011. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
March 15, 2011

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge